# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST C. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV137 JAR |
| | ) | |
| PAUL K. DELO, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's "motion to vacate judgment and stay proceedings." On review of the pleadings and exhibits, the Court finds that this is a successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the Court will dismiss this action without further proceedings.

On February 16, 1982, petitioner was convicted of capital murder by a jury. He was sentenced to life imprisonment without eligibility for probation or parole for fifty years. He is currently incarcerated in Potosi Correctional Center.

Petitioner filed his first federal petition for writ of habeas corpus pursuant to § 2254 on February 9, 1990. Williams v. Delo, 4:90CV239 ELF (E.D. Mo.). The Court denied habeas relief with prejudice on March 16, 1992, and on March 4, 1993, the Eighth Circuit Court of Appeals denied petitioner a certificate of probable cause. Id.

Petitioner now alleges that his postconviction-relief counsel was ineffective based on the United States Supreme Court's recent case <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). In <u>Martinez</u>, the Court held that "ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." <u>Id.</u> at 1316. Petitioner believes that, because most of the claims in his original § 2254 petition were dismissed as defaulted, his new claim for ineffective assistance should excuse the default and revive his claims, therefore providing him with a new means for federal habeas relief.

Petitioner has labeled the instant motion as a Rule 60(b) motion, and he intended to file it in the 1990 action. However, applications by prisoners that assert a federal basis for relief from a state court judgment of conviction under § 2244(b) must comply with the second or successive restrictions. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530 (2005). Thus, if the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction, it should be construed as a second or successive habeas petition. <u>See</u> <u>Peach v. United States</u>, 468 F.3d 1269, 1272 (10th Cir. 2006); Brian R. Means, Federal Habeas Manual § 11:42 (2012). Because the factual predicate of the instant motion deals with the validity of petitioner's state

conviction, the Court construes the motion as a successive petition for writ of habeas corpus.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED**.

Dated this 4th day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE